IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JALEESA WILSON**
**PLAINTIFF**

**VS**                    **CIVIL ACTION NO: 3:23-cv-00316-CWR-FKB**

**TRIDENT HOLDINGS, LLC D/B/A CAPTAIN D'S,**
**MCLANE COMPANY INC. D/B/A/MCLANE FOOD SERVICE, INC**
**SOUTH STREAM SEAFOODS, INC., UNIDENTIFIED JOHN DOES 1-5**
                                    **DEFENDANTS**

## AMENDED COMPLAINT

### (JURY TRIAL DEMANDED)

JALEESA WILSON, herein after "PLAINTIFF" by and through her attorney of record, Tiffany Horton-Williams of Horton-Williams Law Firm, PLLC, hereby files this Complaint against the Defendants, **TRIDENT HOLDINGS, LLC D/B/A "CAPTAIN D'S", MCLANE COMPANY INC.D/B/A MCLANE FOOD SERVICE, INC ("Defendant McLane's"), SOUTH STREAM SEAFOODS, INC; UNIDENTIFIED JOHN DOES 1-5 ("DEFENDANTS")** and in support thereof would show unto the Court, the following to-wit:

### PARTIES TO THE COMPLAINT

1. Plaintiff, JALEESA WILSON, is an adult resident citizen of Hinds County, Mississippi who may be contacted through her undersigned counsel.

1

2. Defendant, **TRIDENT HOLDINGS, LLC D/B/A/ CAPTAIN D'S,** whose principal address is **3114 SOUTH CHURCH STREET SUITE D, MURFREESBORO, TN 37127**. Defendant is registered to do business in Mississippi and may be served with process through its registered agent, REGISTERED AGENTS INC, 270 TRACE COLONY PARK STE B, RIDGELAND, MS 39157.

3. Defendant, SOUTH STREAM SEAFOODS, INC. AND whose principal address is 100 Jefferson Boulevard, Unit 305 Warwick, RI 02888. Defendants may be served through its Registered Agent, John Ottaviani, Esq; Partridge Snow and Hahn LLP, 40 Westminister Street, Suite 1100, Providence, RI 02903.

4. Defendants, MCLANE COMPANY INC, D/B/A MCLANE FOOD SERVICE, INC AND whose principal address is 4747 MCLANE PKWY, TEMPLE, TX 76504. Defendants may be served through its Registered Agent, CT CORPORATION SYSTEM, 645 LAKELAND EAST DR. Suite 101, FLOWOOD, MS, 39232.

5. Defendants, Unidentified John Does 1-5 are other individuals, persons, businesses, corporate persons or entities who may be liable for all or part of the acts and/or omissions committed resulting in the subject incident which involved and resulted in the causes of action alleged by the Plaintiffs herein from which the Plaintiff may seek recovery of damages.

## JURISDICTION AND VENUE

6. Venue is proper pursuant to 28 U.S. Code Section 1391(b)(2). A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

7. Plaintiff is an adult resident of Mississippi. Defendant TRIDENT HOLDINGS, LLC D/B/A/ CAPTAIN D'S, whose principal address is 3114 SOUTH CHURCH STREET SUITE D, MURFREESBORO, TN 37127.  SOUTH STREAM SEAFOODS, INC. AND whose principal address is 100 Jefferson Boulevard, Unit 305 Warwick,RI 02888. MCLANE COMPANY INC, D/B/A MCLANE FOOD SERVICE, INC AND whose principal address is 4747 MCLANE PKWY, TEMPLE, TX

## STATEMENTS OF FACTS

I. On or around September 25,2022, Mrs. Wilson was served a parasite inside of her fish purchased from Captain D's. (Exhibit A)

II. Ms. Wilson called and spoke with the unidentified on-duty manager that night to advise them of the parasite inside of her fish.  The on-duty manager did not make an incident report and denied liability, informing Mrs. Wilson that the fish came in that way from the supplier, Defendants McLane's.

III. Mrs. Wilson went to speak with Maria Matlock, the manager on duty, in late January or early February after no one

    from Captain D's contacted her.  She was given the Regional Manager of Captain D's number.

IV. She sent Tim Boone pictures of the parasite in the fish on February 14, 2023.  After no response by March 16, 2023.  Mr. Boone *falsely* claimed that a Mr. Bart Howe attempted to reach Mrs. Wilson several times.  Mr. Bart Howe took a statement from Mrs. Wilson.

V. In mid-March, Captain D's insurer State Auto, Agent, Matthew Ball contacted and took a recorded statement from Mrs. Wilson.

VI. Mrs. Wilson received a letter stating that Captain Ds was not liable for the parasite in its fish on March 30, 2023. (Exhibit B)

VII. Mrs. Wilson attempted to resolve this matter with Defendant, Captain D's, to no avail.  She explained to all parties in which she spoke that she had experienced mental and physical trauma.  That she went from a meat eater to now she is afraid to consume meat.  This is proven by her over thirty-pound weight loss since the incident.

VIII. Mrs. Wilson has developed an undiagnosed eating disorder due to the negligence of the Defendants.  Mrs. Wilson is unable to get the help that she needs because

          she cannot get in for the proper help due to lack of insurance.

IX.    Mrs. Wilson also explained that she was unable to seek any further exploratory treatment due to lack of health care and finances.  That is why she sought a claim with Defendant Captain Ds to resolve this matter without legal intervention.

X.    Defendant, Captain D's states that the parasite found in the fish grew at the supplier, Defendants McLane, and State Auto requested to assisted Mrs. Wilson with obtaining that information (Exhibit C).

XI.    Defendant, South Stream Seafoods, Inc is the supplier in which McClane Food Service Distribution, Inc. purchased the fish from (Exhibit D)

XII.    Mrs. Wilson argues that whether it was kept at the wrong temperature at Captain D's and the parasite grew in the fish there, or the fish came in with the parasite from Defendants McLane's, or the supplier South Stream Seafood, Inc is the source, each Defendant bears some liability.

XIII.    Further, the fish should have been cooked to kill the parasite for it appeared to still be alive or should have been kept at the proper temperature for the parasite not

    to grow at Captain D's, McLane's or South Stream Seafoods, Inc.

XIV. Mrs. Wilson was so traumatized and sick, she only knew how to take the steps that she took, to reach out to management and try to get the responsible parties to compensate her for the mental and physical treatment that she could not afford.

## CAUSES OF ACTION

### COUNT 1 – NEGLIGENCE/GROSS NEGLIGENCE

1. Plaintiff reiterates and incorporates the foregoing paragraphs.
2. All Defendants were grossly negligent and/or acted in reckless disregard.
3. As a direct and proximate cause of Defendants negligent, grossly negligent, and/or reckless acts and/or omissions, Plaintiff sustained damages set forth herein and all damages that will be provided at trial hereon.
4. Defendants grossly negligent conduct rises to the level of willful, wanton, and reckless disregard for the safety of others, sufficient to warrant an award of punitive damages.

### COUNT 2 – RECKLESS DISREGARD

5. Plaintiff reiterates and incorporates the foregoing paragraphs.

6. Plaintiff would show unto the Court that Defendants took actions that had reckless disregard for the safety, health and well-being of Plaintiff.

7. As a direct and proximate result, Plaintiff sustained damages.

### DAMAGES (AS TO ALL DEFENDANTS)

8. Plaintiffs realleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in it's entirety.

9. As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seeks the recovery of any and all kinds of general, compensatory, economic, expectation, statutory, incidental, consequential, lost profits, past medicals, present medicals, future medicals, pharmacy expenses and any other type of damages incurred as a result of this incident, including but not limited to the court's jurisdiction in actual damages, plus cost, interests, attorneys' fees and expenses, lost profits, expectation, statutory, incidental, consequential and other kinds of damages.

### COMPENSATORY DAMAGES

10. Plaintiff has suffered and continues to suffer from the multiple causes of action listed above stemming from the actions, and failures of Defendants, including financial loss.

### PUNITIVE DAMAGES

11. Defendants' actions were taken with actual reckless disregard for the Plaintiff's health and safety. For that, the Plaintiff is entitled to Punitive Damages, total recovery not to exceed the court's jurisdiction. Damages such that the Defendants would be deterred from such conduct in the future.

## ATTORNEY FEES AND OTHER REASONABLE COSTS

12. Plaintiff also claims that she should be reimbursed for all the costs and fees with the enforcement of this lawsuit, including all reasonable fees for her attorneys and other costs and expenses associated with this lawsuit.

## JURY TRIAL DEMANDED

13. Plaintiff demands jury trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon final trial hereof she be entitled to take, have and recover, of and from said Defendants the above damages, including economic, non-economic, actual, compensatory, punitive, pre-judgement interest, post-judgement interest, court costs, and for such other and further relief to which they may show themselves to be justly entitled.

**RESPECTFULLY SUBMITTED,** this the 6th day of July 2023.

JALEESA WILSON, Plaintiff

<pre>
                                BY:   /s/Tiffany Horton-Williams
                                      TIFFANY HORTON-WILLIAMS
                                              MSBAR# 105269
</pre>

<u>Of Counsel</u>:
Tiffany Horton-Williams MS Bar #105269
Horton-Williams Law Firm, PLLC
P.O. Box 720653
Byram, MS 39272
Tel: 769-251-5785
<u>Email: attyhortonwilliams@gmail.com</u>